# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-22-TLS |
| | ) | |
| SILVESTRE CASTAÑEDA | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant Silvestre Castañeda's pro se Motion[1] for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 531], based on a retroactive application of Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.). For the reasons stated below, the Court finds that the Defendant is not entitled to a reduction in his sentence under 18 U.S.C. § 3582(c)(2).

## BACKGROUND

The Defendant pled guilty [ECF No. 346] to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. On March 16, 2016, the Court sentenced the Defendant to 151 months' imprisonment. [ECF No. 525]. According to the Defendant's Presentence Investigation Report (PSIR), the Defendant's offense level and criminal history were calculated under U.S.S.G. § 2D1.1 and § 4A1.2(c)(1). (PSIR ¶¶ 53, 67, 69, ECF No. 521.) After an agreed Motion, the offense level of 34 and criminal history category of I yielded a Guideline range of 151 to 188 months of imprisonment.

---

[1] The Court is not authorized to appoint counsel under the Criminal Justice Act for any offender seeking sentence modification under Amendment 782 to the Sentencing Guidelines.

**DISCUSSION**

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). An exception exists

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission"). A reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with the applicable policy statement if an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, Application Note 1(A).

The Defendant cites to the November 1, 2014, Amendment 782 to the Sentencing Guidelines, which retroactively, *as of November 1, 2015*, reduced by 2 levels the base offense levels assigned to drug quantities in § 2D1.1. *See* U.S.S.G. § 1B1.10(d) & (e)(1). Here, Amendment 782 does not have the effect of lowering the Guideline range that is applicable to the Defendant because the Defendant was sentenced on March 16, 2016—well after the effective date of Amendment 782. Thus, the Defendant's PSIR states that § 2D1.1 "provides that an offense involving at least 50 kilograms but less than 150 kilograms of cocaine has a base offense

2

level of 34" (PSIR ¶ 53), which is the base offense level in the current U.S.S.G. *See* U.S.S.G. § 2D1.1(c)(3). Accordingly, the Defendant has already received the benefit of the Amendment.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 531].

SO ORDERED on May 30, 2017.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT